UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SANDRA NICOLE KEEN                                                                PLAINTIFF

V.                                           CIVIL ACTION NO. 3:20-CV-20-KHJ-LGI

WAL-MART STORES EAST, LP                                                 DEFENDANT

ORDER

This matter is before the Court on Defendant Wal-Mart Stores East, LP's ("Walmart") Motion for Summary Judgment [62] and Motion to Exclude and/or Limit Testimony by Plaintiff's Experts Benjamin Kerr, M.D. and Sylvia McCandless, PT, DPT [64], and Plaintiff Sandra Nicole Keen's Motion to Strike [76]. For the following reasons, the Court grants the Motion for Summary Judgment, finds as moot the Motion to Exclude, and denies the Motion to Strike.

I.   Facts and Procedural History

Keen was injured while shopping at Walmart in Vicksburg, Mississippi. Most facts are undisputed. On August 8, 2018, Keen, along with her daughter, went shopping at Walmart for school supplies. Dep. of Sandra Nicole Keen [62-2] at 2.[1] They spent about 30 minutes in the school supply area. *Id.* at 5. The aisles were busy and crowded with customers. *Id.* As Keen was shopping, a large box filled with notebooks fell on her. *Id.* at 14. She estimated the box was about five or six feet wide and held about 60 notebooks. Dep. of Sandra Nicole Keen [68-6] at 19. Keen believes

---

[1] The Court cites to page numbers assigned by CM/ECF.

the notebooks weighed roughly 50 pounds. [62-2] at 14. Keen recalls little about the aisle's layout and does not know what happened to cause the box to fall. *See id.* at 9–11. Her daughter also did not see the box fall or notice the box before it fell. Depo. of Hannah Keen [62-3] at 4–5. After the box fell on her, Keen was embarrassed so she did not ask any witnesses exactly what happened. [68-6] at 20. Instead, she informed the witnesses that she was okay and left that aisle. *Id.* Keen did not see or ask for a Walmart employee, nor did she ask to speak to a manager or report the incident. [62-2] at 17. She later returned to the aisle and found the notebooks cleaned up. *Id.* at 18. When she was checking out, she informed the cashier of the incident. *Id.*

Keen's neck started to hurt later that evening after she returned home. [68-6] at 8. At the advice of her husband, she returned to Walmart to file a complaint. *Id.* After she left Walmart, Keen went to the Merit Health River Region emergency room in Vicksburg. *Id.* Her injuries required medical treatment and rehabilitative therapy. *See* Compl. [1-5] at 2.

Keen sued Walmart, claiming premises liability. *Id.* She contends Walmart "failed to maintain its premises in a reasonably safe condition, created an unreasonably unsafe condition, or allowed an unreasonably unsafe condition to exist upon its premises" resulting in her injuries. *Id.* Walmart now moves for summary judgment.

II. Standard

Summary judgment is proper when "the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if, under the applicable substantive law, 'its resolution could affect the outcome of the action.'" *Patel v. Tex. Tech Univ.*, 941 F.3d 743, 747 (5th Cir. 2019) (quoting *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010)). "An issue is 'genuine' if 'the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party.'" *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A party seeking to avoid summary judgment must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). This party must present more than "speculation, improbable inferences, or unsubstantiated assertions." *Jones*, 936 F.3d at 321 (quoting *Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 673 (5th Cir. 2015)). In analyzing a motion for summary judgment, the Court does not "weigh the evidence and determine the truth of the matter," *Klocke v. Watson*, 936 F.3d 240, 246 (5th Cir. 2019) (quoting *Anderson,* 477 U.S. at 249), but only determines whether there is a genuine issue for trial when viewing the evidence in the light most favorable to the party opposing summary judgment. *Duval v. N. Assur. Co. of Am.*, 722 F.3d 300, 303 (5th Cir. 2013).

III.     Motion for Summary Judgment [62] and Motion to Exclude [64]

Walmart moves for summary judgment and to exclude and/or limit Benjamin Kerr and Sylvia McCandless's testimony. Keen asserts that her case should survive

summary judgment because she establishes a prima facie case of premises liability and res ipsa loquitur applies. The Court addresses each in turn.

A. Prima Facie Case of Premises Liability

Mississippi law provides a three-step analysis for premises liability cases: "'First, we must determine whether the injured party was an invitee, licensee, or a trespasser at the time of injury. Next we must determine what duty was owed to the injured party by the business owner/operator. Finally, we must determine whether that duty was breached.'" *Thomas v. Shed 53, LLC*, 331 So. 3d 66, 70 (Miss. Ct. App. 2021) (quoting *Walker v. Cellular S. Inc.*, 309 So. 3d 16, 24 (Miss. Ct. App. 2020)).

For premises liability purposes, "[a]n invitee is a person who enters the premises of another in response to an 'express or implied invitation of the owner or occupant for their mutual advantage.'" *Holmes v. Campbell Prop., Inc.*, 47 So. 3d 721, 724 (Miss. Ct. App. 2010) (quoting *Leffler v. Sharp*, 891 So. 2d 152, 156 (Miss. 2004)). Here, it is undisputed that Keen was an invitee because she entered Walmart's premises to purchase supplies from the company. *See* [62-2].

A landowner owes an invitee two separate duties: "(1) to keep the premises reasonably safe, and (2) to warn of hidden dangers." *Mayfield v. The Hairbender*, 903 So. 2d 733, 738 ¶ 20 (Miss. 2005). To successfully assert that the defendant breached either of these duties in a premises liability case, plaintiffs must first show that a dangerous condition exists on the premises. *Keckley v. Estes Equip. Co., Inc.*, 276 So. 3d 1230, 1236 (Miss. Ct. App. 2018). "[A] premises owner is not an

insurer of the safety of invitees[.]" *Cox v. Wal-Mart Stores East, L.P.*, 755 F.3d 231, 233 (5th Cir. 2014) (quoting *Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197, 1199 (Miss. 2008)). "[U]sual dangers that customers normally expect to encounter on a business's premises . . . fail to constitute unreasonably dangerous conditions." *Martin v. Trustmark Corp.*, 292 So. 3d 245, 248 (Miss. Ct. App. 2019) (quoting *Benson v. Rather*, 211 So. 3d 748, 754 (Miss. Ct. App. 2016)).

Keen fails to show that a dangerous condition existed. She does not describe the condition of the box before it fell, she does not know whether another customer caused it to fall, nor does she provide any evidence of the box's condition being abnormally dangerous or a danger unexpected on a business's premises. [62-2] at 9–11, 16. She alleges that the aisles in the school supply section were not "neat," but she does not know how long the aisles were in such a condition and does not state that the untidiness contributed to the box's danger. [68-6] at 14–16. She fails to assert facts that any aspects of Walmart's premises were different from the usual dangers a customer would normally expect. *See Martin*, 292 So. 3d at 248. The Court finds that with no specificity as to what constituted a dangerous condition, Keen fails to present more than "speculation, improbable inferences, or unsubstantiated assertions." *Jones*, 936 F.3d at 321.

But even if the box of notebooks was a dangerous condition, Keen must still show Walmart breached its duty by: (1) performing a negligent act causing the dangerous condition; or (2) having actual knowledge of the dangerous condition but failing to warn Keen; or (3) having constructive knowledge because the dangerous

5

condition existed for a long enough period. *Hartford*, 179 So. 3d at 91–92. Keen fails to present facts to support any of these three scenarios. Though she alleges Walmart did not staff enough employees in the back-to-school section, she fails to explain how this omission caused the box to fall. *See* [69] at 2. Keen also does not suggest Walmart had actual knowledge that the box of notebooks presented a dangerous condition. And she does not provide facts showing that the dangerous condition remained long enough to impute constructive notice to Walmart. In fact, Keen admitted in her deposition that she did not know how long the aisles were messy, and the condition could have existed for as briefly as two seconds. *See* [68-6] at 15. Although Keen implies that Walmart could have foreseen the potential threat of harm to its customers, she cites to no evidence in the record to support this contention. *See* Mem. in Opp. [69] at 10–12.

Viewing the record in the light most favorable to Keen, she fails to provide more than "speculation, improbable inferences, or unsubstantiated assertions" to support her claim for premises liability. *Jones*, 936 F.3d at 321. The Court thus finds no genuine dispute of material fact and holds that Keen fails to establish a prima facie case of premises liability.

B.  Res Ipsa Loquitur

Keen next argues that the Court should deny summary judgment because the doctrine of res ipsa loquitur applies. Under the doctrine of res ipsa loquitur, "negligence can be inferred in certain factual situations." *Davis v. Office Max*, 131 So. 3d 588, 590 (Miss. Ct. App. 2013) (citation omitted). For the doctrine to apply,

Keen "must prove that (1) [Walmart] had 'control and management of [the box] causing her injury'; (2) her injury was 'in the ordinary course of things that would not occur if [Walmart] used proper care; and (3) her injury was not a result of her own voluntary act.'" *Id.* (quoting *Gray v. BellSouth Telecomm., Inc.*, 11 So. 3d 1269, 1272 (Miss. Ct. App. 2009)).

Keen fails to make two of these three necessary showings. First, she cites no authority suggesting that a store has exclusive control of its inventory when it is set out on the shelves for the public to purchase. Rather, in her deposition, she mentioned that Walmart customers were grabbing items and putting them back, causing "disarray[ed]" aisles. [68-6] at 15–16. Likewise, she did not know if a customer was reaching for the box, or if a customer on the other side of the aisle pushed the box. [62-2] at 9–10. Keen fails to establish that Walmart had exclusive control of the box causing her injury.

Second, Keen does not establish that her injury would not have occurred if Walmart used proper care. She claims that Walmart's store policy could not insure the safety of its patrons, and that it "did not maintain a sufficient number of employees to reasonably control and insure the safety of its customers." [69] at 14. Keen, however, does not describe how increasing the number of employees on duty would have prevented her injury. She also cites no authority supporting her assertion.

Because Keen fails to establish exclusive control or that her injury would not have occurred had Walmart used more employees, the Court finds that res ipsa

7

loquitur does not apply. No genuine issue of material fact supports Keen's premises liability claim. The Court therefore grants Walmart's Motion for Summary Judgment. Because there is no remaining claim for trial, the Court finds as moot Walmart's Motion to Exclude Testimony.

IV.    Motion to Strike [76]

Keen "moves the Court to strike the unpublished case of *Kern v. Wal-Mart Stores, Inc.*, 174 F. 3d 198 (5th Cir. 1999), as authority in [Walmart's] argument . . . ." [76] at 1. Keen argues that Walmart's use of this case in its Reply brief constitutes "an inaccurate statement of the law" because of its unpublished status. *Id.* at 1–2. Walmart retorts that it cited *Kern* as a general statement of Mississippi law and that the Court may consider unpublished opinions as persuasive precedent. Resp. in Opp. [77] at 1–2. Walmart is correct. Unpublished opinions are not binding precedent, but the Court may consider their persuasive reasoning. *See Knight v. Kirby Offshore Marine Pac., L.L.C.*, 983 F.3d 172, 179 (5th Cir. 2020) (citing *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (recognizing unpublished opinions are not controlling precedent but may be persuasive authority)). Keen cites no authority to support that unpublished opinions may not be cited as persuasive precedent. The Court denies the motion.

V.    Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court GRANTS Walmart's Motion for Summary

Judgment [62]. Walmart's Motion to Exclude [64] is DENIED AS MOOT. Keen's Motion to Strike [76] is DENIED. The Court DISMISSES WITH PREJUDICE Keen's claims. A separate final judgment will issue this day.

SO ORDERED AND ADJUDGED this the 20th day of April, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE